UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LOURENCO MANDAMBILA MAFUTA, | ) ) ) | |
| Petitioner, | ) ) ) | |
| | ) | Civil Action No. 25-CV-13955-AK |
| v. | ) ) | |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, Attorney General of the United States, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER CONCERNING SERVICE OF PETITION, STAY OF TRANSFER OR REMOVAL, AND REQUIRED RESPONSE

**ANGEL KELLEY, D.J.**

Petitioner, a foreign national, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The Court hereby **DIRECTS** and **ORDERS** as follows:

1

## I. SERVICE OF PETITION

The clerk of this court shall serve a copy of the Petition and this Order upon Respondents, the civil duty attorney for the United States Attorney's Office, and the United States Attorney for the District of Massachusetts.

In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a copy of this order on the United States Attorney for the District of Massachusetts by attaching it to an e-mail sent to her government e-mail address. The e-mail address is set forth in an attachment to this Order, which shall be filed separately under seal.

## II. RESPONSE TO PETITION

Before the Court is Petitioner's Petition for Writ of Habeas Corpus. [Dkt. 1]. The facts presented in the instant Petition appear materially indistinguishable from Amaya Sanchez v. Moniz et al., No. 25-CV-12806-AK (D. Mass. Oct. 10, 2025) [Dkt. 10], in which the Court joined other sessions of this Court, and other courts across the country, in holding that the arrest and detention of noncitizens within the United States is governed by 8 U.S.C. § 1226(a). On the facts before it, the Court does not find reason to deviate from the analysis presented in Amaya Sanchez.

Accordingly, the Court **ORDERS** Respondents to show cause, no later than **three business days** from the date of this Order, why the facts of this case differ from those in Amaya Sanchez. Should Respondents claim the facts differ, Petitioner shall have **three business days** to respond.

Should the parties agree that the facts do not differ in any material aspect, this Court will find that Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and entitled

to a bond hearing.  The Petitioner has not received such a hearing, so their detention is unlawful.  As a result, Petitioner's Petition [Dkt. 1] will be **GRANTED**.  Respondents will be **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).  Respondents will be **ENJOINED** from denying Petitioner bond on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2).

## III. JURISDICTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization.  See Plyler v. Doe, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions.  28 U.S.C. § 2241(a); see U.S. Const. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order.  Instead, the Petition alleges that the Petitioner was subject to arrest and detention (and prospective removal) in violation of the

3

Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the Petition under 28 U.S.C. § 2241(a).

Even if this Court ultimately concludes that it does not have jurisdiction over this Petition, the Court nonetheless has power to act to preserve the status quo in the near term. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United States v. Ruiz, 536 U.S. 622, 628 (2002)). In order to give the Court an opportunity to consider whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas

Petition, the court may order Respondents to preserve the status quo. See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. See id. at 294-95. That principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. See United States v. Shipp, 203 U.S. 563, 573 (1906).

## IV.    ORDER

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

### A. Stay of Transfer or Removal

The Petition alleges that Petitioner is being held in the District of Massachusetts. Petitioner shall not be transferred to another district unless the government provides advance

4

notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings. Once that notice has been docketed, the Petitioner shall not be moved out of the District for a period of at least 96 hours from the time of that docketing.

If the government contests that Petitioner is presently confined in the District of Massachusetts, the government shall file a notice in writing on the docket stating the name of the facility in which Petitioner is confined. Such notice shall be provided promptly after the government becomes aware of that fact.

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

### B. Measurement of Time Periods

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court.

**SO ORDERED.**

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

Issued at Boston, Massachusetts
December 23, 2025
5:16 PM

**APPENDIX**

E-mail of U.S. Attorney:

leah.foley@usdoj.gov